# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JILLIAN SHIRK,

                                        CASE NO: 8:21-cv-01392-WFJ-JSS

    Plaintiff,

vs.

ST. STEPHEN CATHOLIC SCHOOL
and DIOCESE OF ST. PETERSBURG, INC.

    Defendants.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JILLIAN SHIRK, ("Plaintiff" or "Shirk"), by and through her undersigned attorneys, sues the Defendants, ST. STEPHEN CATHOLIC SCHOOL, ("St. Stephen") and DIOCESE OF ST. PETERSBURG, INC. ("Diocese"), collectively known as ("Defendants") alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of

the events giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR).

5. Notification of a Right to Sue was received from the EEOC. This Complaint has been filed within ninety (90) days of receipt thereof.

6. More than 180 days have passed since the filing of the charge.

7. Plaintiff currently has a pending Charge of Discrimination against the Defendant, Diocese, she has yet to receive a Right to Sue from the EEOC. Plaintiff intends to amend her Complaint to add claims under Florida Statutes 760 and Title VII once the EEOC issues its Right to Sue and Plaintiff has complied with all administrative prerequisites.

8. Defendants are employers as defined by the laws under which this action is brought and employ the required number of employees.

## PARTIES

9. Plaintiff is a resident of Hillsborough County, Florida.

10. Defendants are Florida not for profit corporations, authorized and

doing business in Hillsborough County, Florida.

11. Defendants are charitable organizations, authorized and doing business in Hillsborough County, Florida.

12. At all times material, Plaintiff was an employee of the Defendants within the meaning of the Family and Medical Leave Act ("FMLA") and worked the required number of hours to qualify for leave under the FMLA.

13. Defendants are joint employers and/or a common or integrated enterprise and they employ at least fifty employees within a seven-five-mile radius.

## GENERAL ALLEGATIONS

14. Defendants have common management, interrelated operations, centralized control over employees, and there is common ownership and financial control.

15. Defendants are not completely disassociated with regard to Plaintiff's employment and shared control of Plaintiff because Defendant, Diocese of St. Petersburg, Inc. controls Defendant St. Stephen Catholic School.

16. Defendants are joint employers and/or a common or integrated enterprise.

17. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

18. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

19. Plaintiff requests a jury trial for all issues so triable.

## FACTS

20. Plaintiff was hired on or about July 2018, by Defendants.

21. Plaintiff worked as a part time Administrative Assistant in Defendants', St. Stephen Catholic School facility, approximately 29.5 hours each week.

22. On or about December 2019, Plaintiff learned she was pregnant.

23. In early January 2020, Plaintiff informed the school's principal, Linda Umoh, that she was pregnant with her second child.

24. Ms. Umoh inquired what Plaintiff's intentions were going forward.

25. Plaintiff informed Ms. Umoh that she intended to take maternity leave, to which she would be entitled under the FMLA, when she had the baby in August of 2020 for six to eight weeks and then return to work.

26. Ms. Umoh stated to Plaintiff that she did not know if she would hold her position open if she took said leave.

27. Shortly thereafter, on or around January 9, 2020, Plaintiff received an email from Ms. Umoh informing her that her hours were being reduced.

28. On or around March 2020, Plaintiff was told her position was being eliminated for the next school year that began in August of 2020.

29. Plaintiff was told that her position was being combined with another position to create a full-time position and that Plaintiff could apply for the full-time position.

30. Plaintiff did apply for the full-time position, for which she was qualified, and during the interview process was once again asked about her plans for maternity leave.

31. Plaintiff once again explained to Ms. Umoh that she intended to take six to eight weeks of maternity leave (to which she would have entitled under the FMLA).

32. Plaintiff was not hired for the full-time position, even though she was qualified for the job.

33. Upon information and belief, the full-time position was filled by someone outside Plaintiff's protected class.

## COUNT I
## TITLE VII – PREGNANCY DISCRIMINATION
## AS TO DEFENDANT ST. STEPHEN CATHOLIC SCHOOL

34. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 33.

35. Plaintiff is a member of a protected class under Title VII.

36. By the conduct described above, specifically paragraphs twenty-one through thirty-three, St. Stephen engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

37. Defendant knew or should have known of the discrimination.

38. As a result of St. Stephen's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, St. Stephen:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. For costs and attorneys' fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FCRA- GENDER DISCRIMINATION
## AS TO DEFENDANT ST. STEPHEN CATHOLIC SCHOOL

39. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 33.

40. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

41. By the conduct described above, St. Stephen engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender in violation of the Florida Civil Rights Act.

42. St. Stephen knew, or should have known of the discrimination.

43. As a result of St. Stephen's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant, St. Stephen:

      a. Back pay and benefits;

      b. Interest on back pay and benefits;

      c. Front pay and benefits;

      d. Compensatory damages for emotional pain and suffering;

      e. Punitive damages;

      f.      For costs and attorneys' fees;

      g.      Injunctive relief;

      h.      For any other relief this Court deems just and equitable.

**COUNT III**
**FAMILY MEDICAL LEAVE ACT – INTERFERENCE**
**AS TO DEFENDANTS ST. STEPHEN CATHOLIC SCHOOL**
**and DIOCESE OF ST. PETERSBURG, INC.**

44. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 33.

45. Defendants' actions interfered with Plaintiff's rights under the FMLA.

46. Defendants' actions constitute violations of the FMLA.

47. As a result of Defendants' unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for the following damages:

      a.      Back pay and benefits;

      b.      Interest;

      c.      Liquidated damages;

      d.      Attorney's fees and costs;

      e.      Equitable relief;

      f.      Such other relief as is permitted by law.

## COUNT IV
## FMLA DISCRIMINATION/RETALIATION
## AS TO DEFENDANTS ST. STEPHEN CATHOLIC SCHOOL
## and DIOCESE OF ST. PETERSBURG, INC.

48. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 33.

49. Defendants retaliated against Plaintiff for asserting her FMLA rights.

50. Defendants' actions constitute violations of the FMLA.

51. As a result of Defendants' actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f. Such other relief as is permitted by law.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Alicia H. Koepke, Esq. and Jacqueline M. Prates, Esq., TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A., 101 East Kennedy Blvd., Suite 2700, Tampa, Florida 33602. akoepke@trenam.com; achrisman@trenam.com; jprats@trenam.com; rvalente@trenam.com

FLORIN GRAY BOUZAS OWENS, LLC

/s/Christopher D. Gray
Christopher D. Gray
Florida Bar No.: 902004
cgray@fgbolaw.com
Hunter A. Higdon
Florida Bar No.: 85963
hhigdon@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff